
EOD

12/12/2016

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| BRANDON ALLEN UTTERBACK and | § | CASE NO. 14-41898-BTR |
| STACI LEANN UTTERBACK, | § | |
| | § | |
| Debtors. | § | Chapter 7 |

| | | |
|---|---|---|
| BRANDON UTTERBACK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | ADVERSARY NO. 16-4065 |
| | § | |
| STATE OF TEXAS, | § | |
| TEXAS WORKFORCE COMMISSION, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION

Plaintiff, Brandon Utterback, brought this action *pro se*, complaining of an alleged violation of the permanent bankruptcy injunction by Defendant, Texas Workforce Commission. The Court scheduled Plaintiff's complaint for trial on October 19, 2016. Prior to trial, the parties submitted an agreed statement of facts, which resolved many of the legal issues raised in Plaintiff's complaint. At trial, the parties presented two disputed issues to the Court: (1) whether Defendant's claims for overpayment of unemployment benefits were discharged in the underlying bankruptcy case, and (2) whether Defendant may recoup or recover any discharged claim for overpayment of unemployment benefits from Plaintiff's current or future unemployment benefits.

The Court duly rendered a decision based on findings of fact as stated on the record at the conclusion of trial and set forth in this Memorandum Opinion. This Court has authority to enter

1

a final order in this adversary proceeding, as it statutorily constitutes a core proceeding. contemplated by 28 U.S.C. § 157(b)(2)(A), (I) and (O) and meets all constitutional standards for the proper exercise of full judicial power by this Court.

## FINDINGS

In summary, and as explained on the record, Plaintiff filed a petition for relief under Chapter 13 of the Bankruptcy Code on September 13, 2014. Plaintiff was employed by Coserv Gas Ltd. when he filed for bankruptcy, but Coserv terminated his employment in August 2015. Plaintiff promptly filed a claim for unemployment benefits with Defendant. Plaintiff converted his Chapter 13 case to Chapter 7 on October 5, 2015.

Plaintiff was receiving unemployment benefits from Defendant at the time of the conversion as a result of his termination by Coserv. However, Coserv contested Plaintiff's eligibility for benefits, and Defendant ultimately determined that Plaintiff was ineligible for unemployment benefits due to the reason for Plaintiff's termination. Defendant sought to recover all the payments Plaintiff had received as overpayments.

Plaintiff received a Chapter 7 discharge on January 27, 2016. He was subsequently terminated by a second employer and filed a new claim for unemployment benefits. At the time of trial, Plaintiff was receiving unemployment benefits from Defendant as a result of his termination by the second employer. At trial, Plaintiff contended that the discharge enjoins Defendant from bringing any claims for overpayment of benefits against him and that Defendant may not recoup any discharged claims against his current or future unemployment benefits.

## CONCLUSIONS OF LAW

With these facts in mind, the Court makes the following conclusions of law as stated more fully in its ruling on the record. For there to be a violation of the permanent bankruptcy

injunction, otherwise called a discharge, there must be a commencement or continuation of an act to collect or recover a debt that was discharged in the bankruptcy proceeding. 11 U.S.C. § 524(a)(2). In Chapter 7 cases, a debtor is discharged from all debts that arose before the date of the order for relief. *See* 11 U.S.C. § 727(b).

The original petition date is generally the date of the order for relief. *See* 11 U.S.C. § 348(a). However, § 348(d) of the Bankruptcy Code provides for special treatment of claims that arise during a Chapter 13 case but before the case is converted to Chapter 7. When a claim arises after the order for relief (*i.e.*, the date of the Chapter 13 petition) but before the conversion of the case to Chapter 7, the claim "shall be treated for all purposes as if such claim had arisen immediately before the date of the filing of the petition." 11 U.S.C. § 348(d).

Here, the parties stipulated that Defendant made two benefit payments of $930 to Plaintiff during his Chapter 13 case but prior to the conversion of his case to Chapter 7. Pursuant to § 348(d), any claim for overpayment arising from the two payments made to Plaintiff before conversion are claims that arose before the "petition date." Accordingly, such claim for overpayment was discharged.

The parties further stipulated that Defendant made three additional benefit payments of $930 after the conversion to Chapter 7. A claim for overpayment of benefits that arose after the date of conversion is a post-petition claim that was not discharged under the Bankruptcy Code. Accordingly, Defendant may take any lawful action to collect on such claim.

At trial, the parties disputed whether Defendant may recoup or recover the discharged benefit overpayments from Plaintiff's current or future benefits. The right to recoupment does not constitute a debt which is dischargeable. *In re Bram*, 179 B.R. 824, 827 (Bankr. E.D. Tex. 1995). Under common law, recoupment is an equitable right that is based on the premise that

"where the creditor's claim against the debtor arises from the same transaction as the debtor's claim, it is essentially a defense to the debtor's claim against the creditor rather than a mutual obligation." *Id*. (quoting *Lee v. Schweiker,* 739 F.2d 870, 875 (3rd Cir.1984); *Matter of Holford,* 896 F.2d 176, 178 (5th Cir. 1990).

Here, any current or future benefit that Plaintiff might receive from Defendant would be as a result of termination by another employer.  A claim by Plaintiff for benefits as a result of his termination by another employer would not arise from the same transaction as the discharged claims for overpayment of benefits as a result of Plaintiff's termination by Coserv.  Accordingly, Defendant has no equitable right to recoup the discharged overpayments against Plaintiff's current or future benefits.[1]

The Court will enter a separate Judgment consistent with this Memorandum Opinion.

Signed on 12/12/2016

_Brenda T. Rhoades_    SR
HONORABLE BRENDA T. RHOADES,
UNITED STATES BANKRUPTCY JUDGE

---

[1] Defendant argued for the use of recoupment at trial.  Setoff, in contrast to recoupment, is defined as ... "a counter demand which a defendant holds against a plaintiff, arising out of a transaction extrinsic to the plaintiff's cause of action." *In re Smith,* 737 F.2d 1549 (11th Cir. 1984); *see also Matter of Holford,* 896 F.2d 176 (5th Cir. 1990).  The Court expresses no opinion regarding the defensive use of setoff where the parties' claims arise out of separate transactions, and this decision has no bearing on whether or under what circumstances a defendant may exercise a defensive setoff.

4